Ora CHAPMAN et al., Appellants,

v.

Chester BRADSHAW, Appellee.

Supreme Court of Kentucky.

Jan. 23, 1976.

Rehearing Denied June 11, 1976.

Robert L. Bertram, Jamestown, for appellants.

Leonard E. Wilson, Robert L. Wilson, Jamestown, for appellee.

STERNBERG, Justice.

Chester Bradshaw brought this action to enjoin the appellants, Ora Chapman, Clemma Rector, and Maxine Haveland, from violating building restriction covenants by

placing house trailers on their respective lots located in the Forest Hills Subdivision, Jamestown, Kentucky.

It is admitted that the deeds to all of the lots in the Forest Hills Subdivision contain the following restrictions:

"(1) This property is hereby restricted to residences only, which shall include dwelling houses and necessary out buildings, that the owners may desire to construct, with the exception that no outside toilet facilities shall be permitted. With the further provision that any building, whether residence or outbuilding, that is constructed upon this land shall have a solid foundation with outside walls constructed of brick, stone or other masonery; or painted wood siding, which would include weatherboard or wood shingles; or painted asbestos shingles; or any aluminum or metal siding.

"(2) No residence shall be constructed upon this land upon a lot of less than 50 foot frontage and shall contain not less than 900 square feet of floor space, excluding basement."

On March 28, 1964, Bradshaw purchased a lot in the subdivision, and he completed construction of his home on the lot a year later.

During 1966 a person not a party to this litigation moved a house trailer onto a lot in the subdivision, where it remained for approximately one year. No objection to the presence of this trailer was ever made.

In 1969 appellants Chapman and Haveland each brought two trailers onto lots in the subdivision, and in 1970 appellant Rector placed a trailer in the subdivision. These five trailers are the only ones which are involved in this litigation.

Following a trial before a special judge, the court found that the trailers in question violated the restrictive covenants and enjoined appellants from maintaining them in the subdivision. This appeal is from that judgment.

■ Appellants, on appeal, question whether the presence of house trailers on lots in the Forest Hills Subdivision violated the restrictive covenants contained in the deeds of the parties to this action. There is no question as to the existence, validity, or enforceability of these restrictions.

House trailers or mobile homes, by definition, are houses on wheels. They do not have solid foundations. They are not "constructed" within the meaning of the restriction, which refers, in ordinary parlance, to a building permanently attached to the realty. *Foos v. Engle*, Ky., 174 S.W.2d 5 (1943). Clearly, a "house trailer" violates the requirement that " * * * any building, * * * that is constructed upon this land shall have a solid foundation * * *."

■ Appellants rely on two defenses in support of their argument that Bradshaw should be denied relief.

They argue that the appellee was guilty of violating the restrictions, in that he allegedly operated a business on the premises which he occupied. Based on this premise, the appellants conclude that Bradshaw should be denied equitable relief since he comes into court with "unclean hands". This court does not agree. The record discloses that in 1969 Bradshaw built a concrete block building on the premises, which he used for storage and in which occasionally he refinished furniture. He did not advertise. He refinished only 12 to 15 pieces of furniture during the period prior to this suit. Such slight and inconsequential acts on appellee's part are not a sufficient basis for denying him relief. *Meyer v. Stein*, Ky., 145 S.W.2d 105 (1940).

■ Appellants' second defense is that under the principles of laches Bradshaw should be estopped to bring the action.

The parties agree that trailers were moved into the subdivision as early as 1966. On January 3, 1970, letters were sent by Bradshaw's attorney to appellants protesting the presence of their trailers in the subdivision. This action was filed on April 27, 1971.

Thus, the crucial question is whether this delay of four or five years by Bradshaw in filing this action constitutes laches under the circumstances of this case. The facts of

a particular case will determine what constitutes laches. Mere delay in bringing suit is not a basis for invoking the doctrine. *Starck v. Foley*, Ky., 272 S.W. 890 (1925). Certainly, the delay is not fatal where it is prompted by the desire to procure compliance with the covenant by means other than litigation. 12 A.L.R.2d 398.

In *Starck v. Foley*, supra, the court defined laches as a delay that works a disadvantage to another. In that case the plaintiff had delayed 21 months in bringing his action seeking removal of certain billboards. The court found that the delay did not disadvantage the defendants.

In the present case appellants have not introduced any evidence of disadvantage caused to them by the delay. In fact, less than one year had elapsed from the time the first of appellants' trailers was brought into the subdivision until its presence was protested by Bradshaw through his attorney. There is no evidence that the appellants would be harmed more by removing the trailers now than by having removed them shortly after they were brought into the subdivision. Thus, the delay by Bradshaw, under the facts of this case, is not a basis for invoking the doctrine of laches.

For the reasons stated, this court affirms the conclusion that appellants have violated the restrictive covenants in their deeds and that Bradshaw is entitled to equitable relief.

The judgment is affirmed.

All concur.