**Robert Walker LOCKE, Movant,**

v.

**Lillie ZOLLICOFFER, on behalf of Mark A. Locke, Respondent.**

Supreme Court of Kentucky.

Oct. 14, 1980.

Rehearing Denied Dec. 16, 1980.

Charles W. Curry, Shuffett, Kenton, Curry & Karem, Lexington, for movant.

David T. Enlow, Asst. Fayette County Atty., Lexington, for respondent.

STERNBERG, Justice.

This is an action commenced and prosecuted under the terms and provisions of the Uniform Act on Paternity (KRS, Chapter 406). On March 7, 1978, Lillie Zollicoffer, hereafter referred to as Lillie, on behalf of her infant son, Mark A. Locke, hereafter referred to as Mark, filed a complaint in the Superior Court of the District of Columbia, Family Division, against Robert Walter Locke, hereafter referred to as Locke, to have a father/son relationship established between Mark and Locke and to have an award of maintenance made for Mark. The complaint and accompanying affidavits of Lillie constituted the whole of the evidence charging Locke with being the biological father of her son Mark, who was born out of wedlock on July 14, 1967. The judge of the trial court adjudged Locke to be the father of Mark; that he owed a duty of support to Mark; that he had failed, neglected, and refused to provide reasonable support for Mark; and that the sum of $120 per month was required to adequately support the infant.

On May 1, 1978, true copies of the proceedings in the trial court were filed in the Fayette Circuit Court. On May 19, 1978, Locke filed an answer to the foregoing proceedings in which he (1) traversed the allegations of Lillie's complaint; (2) charged that the action was barred by limitations; (3) charged that the same matter had been before the Fayette Circuit Court on a prior occasion and was dismissed on August 2, 1974, for failure to prosecute; (4) contended that Lillie should be collaterally estopped from asserting any further action therein and that the failure to do so constituted a denial of Locke's due process and equal protection of the laws; and (5) charged that the proceedings were barred by laches. On July 6, 1978, Locke's pleas of limitations and that an action identical to this proceeding was dismissed without prejudice were denied. On appeal to the Court of Appeals of Kentucky by Locke, that court affirmed the Fayette Circuit Court. Locke's motion for discretionary review was granted on May 6, 1980. We reverse.

Movant presents three issues: (1) the dismissal by the Fayette Circuit Court of a similar proceeding on the ground that there was a failure to prosecute constitutes a

former adjudication of the pending action; (2) the Fayette Circuit Court should have refused to accept the affidavits of Lillie as substantive evidence and should have directed a verdict in his favor; and (3) the present proceedings were barred by the statute of limitations (KRS 406.031).

Mark was born on July 14, 1967, and the paternity action was commenced on May 1, 1978, making Mark ten years and ten months of age at the time the paternity action was first filed. Locke contends that these proceedings must have been commenced within three years after the birth of Mark and, not having been so commenced, they are barred. Lillie argues that KRS, Chapter 407 of the Uniform Reciprocal Enforcement of Support Act applies and that the limitation as set out in KRS 406.-031 is not applicable.

KRS 406.031 provides:

"Limitation of action.–The determination of paternity under the provisions of KRS 406.021(1) shall be commenced within three (3) years after the birth, miscarriage or stillbirth of a child. The determination of paternity under the provisions of KRS 406.021(2) may be made at anytime prior to the child's eighteenth birthday."

KRS, Chapter 406 was enacted at the regular 1964 session of the Kentucky General Assembly (Chap. 37, HB 4). Its purpose is exactly as the title indicates, "An Act providing a Uniform Act on Paternity." We take note that the Act is primarily concerned with the establishment of a parent/child relationship. KRS, Chapter 407 was first enacted at the regular 1950 session of the Kentucky General Assembly (Chap. 66, HB 263) and means exactly what the title indicates, "An Act relating to the support of dependent wives, children and poor relatives within and without the state." The purpose of Chapter 407 is "to improve and extend by reciprocal legislation the enforcement of duties of support and to make uniform the laws with respect thereto." Its purpose has not changed. Chapters 406 and 407 are not incompatible. Chapter 406 provides a means for identify-

ing the biological parents, while Chapter 407 provides the locomotion operandi for enforcing an award of child support.

The complaint filed by Lillie charged movant with being Mark's father and of owing Mark a duty of support. Before a duty rests on movant to support Mark, movant must have been found to have been Mark's biological father. Both the District of Columbia court and the Fayette Circuit Court found in favor of Lillie. In view of that finding, it then became proper for the court to fix, unless otherwise exempted, an award of child support. KRS 407.410(1) and (2).

After analyzing the chapters on the Uniform Act on Paternity (KRS, Chap. 406) and the Uniform Reciprocal Enforcement of Support Act (KRS, Chap. 407), we turn our attention to the defense of limitations (KRS 406.031). This statute is applicable to two situations: (1) where the proceeding is contested, it must be commenced within three years after the birth of the child, and (2) where the mother and father collectively, jointly, and acting together submit affidavits or give testimony in which the father admits paternity, the question of paternity may be decided anytime prior to the child's 18th birthday.

We are of the opinion that these proceedings should have been commenced within three years after Mark's birth (July 14, 1967). Since these proceedings were not so commenced and since the plea of limitations was properly made, it should have been granted.

In view of these findings, we do not reach any of the other issues raised on this appeal.

The decision of the Court of Appeals and the judgment of the Fayette Circuit Court are reversed, and this case is remanded to the circuit court for the entry of a judgment in keeping with this opinion.

All concur.