COMMONWEALTH of Kentucky, ex rel.
Judy LEPARD, Movant,

v.

William B. YOUNG, Respondent.

COMMONWEALTH of Kentucky, ex rel.
Yolanda SLEDGE, Movant,

v.

Dewayne MARSHALL, Respondent.

COMMONWEALTH of Kentucky, ex rel.
Mary GEARY, Movant,

v.

Donny L. GEARY, Respondent.

COMMONWEALTH of Kentucky, ex rel.
Elsie GAMBREL, Movant,

v.

Cleveland GRASCH, Respondent.

COMMONWEALTH of Kentucky, ex rel.
Nora CORDOVA, Movant,

v.

William FLEIG, Jr., Respondent.

COMMONWEALTH of Kentucky, ex rel.
Louise Benita Jean HUGHES, Movant,

v.

James Finnis BOBBITT, Respondent.

COMMONWEALTH of Kentucky, ex rel.
Wanda BARR, Movant,

v.

Robert NEAL, Respondent.

COMMONWEALTH of Kentucky, ex rel.
Pamela HENDERSON, Movant,

v.

Dwayne GAITHER, Respondent.

Supreme Court of Kentucky.

Nov. 23, 1983.

Rehearing Denied in 82–SC–240–DG
April 19, 1984.

Dennis R. McGlincy, Asst. Jefferson County Atty., Louisville, for movant Kentucky, ex rel. Lepard, Geary, Cordova.

Robert H. Littlefield, Dennis J. Conniff and David A. Friedman, Legal Aid Society, Inc., Louisville, for respondent Young.

James P. McCrocklin, Asst. County Atty., Louisville, for movant Kentucky, ex rel. Sledge, Hughes, Barr.

Dewayne Marshall, pro se.

George R. O'Bryan, Louisville, for respondent Geary.

Philip J. Castagno, Asst. County Atty., Louisville, for movant Kentucky, ex rel. Gambrel.

Allen K. Gailor, Robert H. Littlefield, Legal Aid Society, Inc., Louisville, for respondent Grasch.

Daniel T. Taylor, III, Louisville, for respondent Fleig.

James Finnis Bobbitt, pro se.

Robert E. Fleming, Louisville, for respondent Neal.

Jan M. Glasgow, Asst. County Atty., Louisville, for Kentucky, ex rel. Henderson.

Dwayne Gaither, pro se.

HAROLD K. HUDDLESTON, Special Justice.

These actions present the sole and common question of the constitutionality of KRS 406.031, which imposes a limitation of three years on actions to determine paternity.[*] The movant in each case commenced these proceedings by filing a complaint under KRS 406.021(1) in the Jefferson District Court. Each complaint was filed more than three years after the birth of the child. In each case the respondent moved to dismiss, on the grounds that the action was barred by the three-year statute of limitations. The movants have asserted throughout these proceedings that the limitation on actions to establish paternity is in violation of the Equal Protection Clause of the Fourteenth Amendment of the Federal Constitution. Movants contend that the statute of limitations in effect creates unjustified classification based on status of birth, resulting in an impermissible discrimination.

The Jefferson District Court, relying on this Court's opinion in *Locke v. Zollicoffer*, Ky., 608 S.W.2d 54 (1980), dismissed the movants' complaints in December of 1980. The Jefferson Circuit Court, also relying on *Locke*, supra, affirmed the District Court. The Court of Appeals of Kentucky granted discretionary review, and in a comprehensive analysis of the opinions of sister states and the United States Supreme Court, found that the limitation upon establishing paternity, vis-a-vis enforcing the duty to support, was in furtherance of a valid State interest in alleviating difficult problems of proof and preventing stale or malicious litigation. As noted in the Court of Appeals opinion, the question of the constitutionality of the statute of limitations was not raised or discussed in this Court's opinion in *Locke*, supra. The applicability of the statute to claims presented under the Uni-

form Reciprocal Enforcement of Support Act was determined.

Subsequent to the Court of Appeals opinion, from which this Court has granted discretionary review, the United States Supreme Court decided *Mills v. Habluetzel*, 456 U.S. 91, 97–99, 102 S.Ct. 1549, 1553–1554, 71 L.Ed.2d 770, 777 (1982). In the *Mills* case, a Texas statute of limitations providing one year for the filing of an action to establish paternity was declared unconstitutional in violation of the Equal Protection Clause. In *Mills*, the Court stated that an analysis of a limitation statute under the Equal Protection Clause focuses on two related requirements. First, the period for obtaining support must be sufficiently long in duration to present a reasonable opportunity to assert the claims; and second, any limitation must be substantially related to the State's interest in avoiding the litigation of stale or fraudulent claims. The Court thus indicated that some limitation of these actions would be constitutionally permissible.

In a concurring opinion, Justice O'Conner indicated that she would not approve even a four-year statute of limitations.

Although the *Mills* opinion left some room for interpretation at the time these cases were heard on oral argument, subsequent to those arguments the Supreme Court of the United States decided *Pickett v. Brown*, —— U.S. ——, 103 S.Ct. 2199, 76 L.Ed.2d 372 (1983). In *Pickett*, the Court again addressed the question of constitutionality of a Tennessee statute which imposed a two-year limitations period on paternity and child-support actions brought on behalf of illegitimate children. After reviewing its previous decisions relating to discrimination against illegitimate children, the Court applied the *Mills* requirements to the two-year statute and found that it did not provide illegitimate children with an adequate opportunity to obtain support, and clearly did not substantially relate to

---

[*] *406.031 Limitation of action*—The determination of paternity under the provisions of KRS 406.-021(1) shall be commenced within three years after the birth, miscarriage or stillbirth of a

child. The determination of paternity under the provisions of KRS 406.021(2) may be made at anytime prior to the child's eighteenth birthday.

the State's interest in avoiding litigation of stale or fraudulent claims. The opinion makes clear the Court's position that another year added to the limitation period will not satisfy their requirements for any limitation to comply with the Equal Protection Clause.

It is the opinion of this Court that *Pickett,* supra, is dispositive of the issue presented herein and that Kentucky's three-year statute of limitations as set out in KRS 406.031 fails to afford equal protection to the illegitimate children and is therefore unconstitutional.

The decisions of the Jefferson District Court, the Jefferson Circuit Court, and the Court of Appeals are hereby reversed.

STEPHENS, C.J., AKER, LEIBSON, and STEPHENSON, JJ., and HAROLD K. HUDDLESTON, ASA M. ROUSE and JOHN CLAY LOVETT, Special Justices, sitting.

STEPHENS, C.J., and LEIBSON, J., and HAROLD K. HUDDLESTON, ASA M. ROUSE, and JOHN CLAY LOVETT, Special Justices, concur.

STEPHENSON, J., dissents and files a dissenting opinion in which AKER, J., joins.

STEPHENSON, Justice, dissenting.

The holding in *Pickett* invalidates a *two*-year statute of limitation. I am not disposed to predict that the U.S. Supreme Court will invalidate a three-year statute of limitation. The majority opinion puts this court out in front of the U.S. Supreme Court. I would prefer to follow, not lead the way, in declaring statutes of this kind unconstitutional. Accordingly, I dissent.

AKER, J., joins in this dissent.