Ben E. ALEXANDER, Appellant,

v.

COMMONWEALTH of Kentucky ex rel. Lawatta MILLS, and David L. Armstrong, Attorney General, Appellees.

Court of Appeals of Kentucky.

April 18, 1986.

As Modified May 2, 1986.

G. Patrick Thompson, Brandenburg, for appellant.

David L. Armstrong, Atty. Gen., Frankfort, Paula Bierley, Asst. County Atty., Louisville, William L. Davis, Asst. Deputy Atty. Gen., Frankfort, Ky. for appellees.

HAYES, Chief Judge.

This is a consolidation of multiple appeals [1] from a judgment of the Jefferson Circuit Court, which held that KRS 406.-031, which establishes a four-year statute of limitations in paternity actions pursuant to KRS 406.021(1), is unconstitutional as failing to afford equal protection to illegitimate children. We agree with the reasoning of the circuit court, and we affirm.

■ Accordingly, the opinion of the lower court, written by Chief Judge Laurence E. Higgins, is adopted as the opinion of this Court as follows:

"The Commonwealth of Kentucky, on behalf of the mother, has filed this appeal from a final judgment entered by the Jefferson District Court dismissing this paternity action as being barred by the statute of limitations (KRS 406.031), in that same was not commenced within four years from the child's birth.

"In the interest of judicial economy, there is attached hereto as Addendum No. 1 [2], a numerical listing of 152 additional appeals by the Commonwealth on behalf of the respective mothers, of final judgments entered by the Jefferson District Court dismissing these 152 additional paternity actions for the same reason. By reference, each of these additional appeals is made a part of the above style of the case, the same as if each were set forth verbatim above; and this opinion shall apply to all 153 appeals.

---

1. To simplify record keeping, we are disposing of this appeal by a published opinion. Disposition of other appeals presenting the same issue will be by unpublished opinions referencing this opinion.

2. Omitted from the opinion of the Court of Appeals.

"In 1982, the Supreme Court of the United States, in the case of *Mills v. Habluetzel*, 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770 (1982), held that a Texas statute of limitations providing for *one year* for the filing of a paternity action was unconstitutional in violation of the Equal Protection Clause, which requires that such a statute (1) must provide for a sufficient time to present a reasonable opportunity to assert the claims, and (2) any limitation must be substantially related to the State's interest in avoiding the litigation of state or fraudulent claims.

"In 1983, the Supreme Court of the United States, in the case of *Pickett v. Brown*, 462 U.S. 1, 103 S.Ct. 2199, 76 L.Ed.2d 372 (1983), held that a Tennessee statute providing for a *two-year* limitations period was unconstitutional, in that it did not provide illegitimate children with an adequate opportunity to obtain support, and clearly did not substantially relate to the State's interest in avoiding litigation of stale or fraudulent claims. The Court added that a three-year statute of limitations would not be acceptable.

"In November, 1983, the Supreme Court of Kentucky, in the case of *Commonwealth ex rel. Lepard v. Young*, Ky., 666 S.W.2d 735 (1983), basing its opinion upon the premises set forth in the aforesaid decisions of the Supreme Court of the United States, held that Kentucky's statute of limitations (KRS 406.031) providing for a *three-year* limitations period failed to afford equal protection to illegitimate children and was therefore unconstitutional.

"In 1984, the Kentucky General Assembly, following the demise of Kentucky's three-year statute of limitations as aforesaid, enacted the present KRS 406.031 (which is the statute in question here) and which provides for a four-year statute of limitations.

"As long ago as 1979, the Florida Supreme Court, in the case of *State, Dept. of Health and Rehabilitative Services v. West*, 378 So.2d 1220 (Fla.1979), held Florida's four-year limitations statute in paternity actions unconstitutional under the Equal Protection Clause; and in 1983, the Supreme Court of Oregon, in the case of *State ex rel. Adult and Family Services Division v. Bradley*, 295 Or. 216, 666 P.2d 249 (1983), held Oregon's six-year limitations statute in paternity actions unconstitutional.

"The over-all issue presented in these appeals is whether a child born out of wedlock can be treated differently from a child born in wedlock. Up until 1968, children born out of wedlock were treated as though they had no rights at all, as though they did not exist. In 1968, the case of *Levy v. Louisiana*, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968), for the first time, the Supreme Court of the United States held that children born out of wedlock were not "nonpersons," and were entitled to the protection of the Equal Protection Clause of the 14th Amendment to the United States Constitution. In a long line of cases thereafter, the Supreme Court has upheld the rights of children born out of wedlock in every field of law brought before it. Time and again, the Supreme Court had held that children born out of wedlock must be accorded the same rights as children born in wedlock. Following *Levy, supra*, the Kentucky General Assembly has enacted statute after statute conferring upon children born out of wedlock the same rights as children born in wedlock.

"In our changing society, the number of children being born out of wedlock is growing at an alarming rate. These children are entitled to the same right of support and sustenance from their fathers as are the children born in wedlock, and this right cannot be diminished by the argument that with the passage of time the putative father may be unable to properly defend himself. This is particularly so with the advance of science to the point where blood tests at the present time can establish paternity with an accuracy up to 99.4%. This Court recognizes that difficulties of proof are valid and important considerations, and it is not the intent of the Court to belittle these considerations, but the Court feels that these arguments do not rise to the level where the possible difficulties of proof would overcome the concrete human

**104**

rights of illegitimate children as guaranteed by the Equal Protection Clause.

"While the aforesaid opinions of the Supreme Court of the United States contain dictum from which it may be inferred that some length of limitations on the filing of paternity actions may not violate the Equal Protection Clause, in a concurring opinion in *Mills, supra,* Justice O'Connor indicated her opposition to a four-year limitations period. In *Pickett, supra,* where the Supreme Court overturned the two-year limitations statute, it indicated that adding another year would not stand constitutional muster. This was noted by the Kentucky Supreme Court in *Young, supra.* It is this Court's conclusion that the action of the Kentucky General Assembly in adding another year to Kentucky's constitutionally infirm three-year statute of limitations will also not stand constitutional muster.

"Accordingly, it is the opinion of this Court that KRS 406.031 providing for a four-year statute of limitations in paternity actions violates the Equal Protection Clause of the 14th Amendment of the Constitution of the United States, and is therefore unconstitutional.

"Accordingly, each of the aforesaid 153 appealed from judgments dismissing the actions for not having been commenced within four years from the birth of the child is reversed, and each of the said 153 cases is hereby remanded to the Jefferson District court for trial on the issues."

\* \* \*

▆ Invalidation of KRS 406.031 leaves Kentucky without a statute of limitations in paternity actions. Therefore, as a paternity action is a cause of action created by statute, in the absence of any other time limit fixed by statute the five-year time limit set out in KRS 413.120(2) shall apply to actions brought pursuant to KRS 406.-021(1). We note that the five-year time limit of KRS 413.120(2) does not run during the minority of any person entitled to bring an action pursuant to KRS 406.021(1). KRS 413.170(1).

All concur except Judge MILLER who dissents by a separate opinion.

MILLER, Judge, dissenting.

In my view, a four-year limitation period presents a reasonable opportunity to assert claims for support. Limitation periods are, of necessity, arbitrary in the extinguishment of lawful rights. I interpret *Pickett, supra,* and *Young, supra,* as requiring only that the limitation period be sufficient to provide a reasonable opportunity of presenting support claims, thereby lessening any discrimination arising from the circumstances of birth. Neither *Pickett* nor *Young* can be interpreted as discounting the value of limitation statutes in aiding the settlement of human affairs.

I would reverse the decision of the Jefferson Circuit Court.