John S. WIGGINTON, Appellant,

v.

COMMONWEALTH of Kentucky ex rel.
Dorothy CALDWELL, Appellee.

No. 87–CA–1851–DG.

Court of Appeals of Kentucky.

Nov. 4, 1988.

John A. McCrea, Louisville, for appellant.

Frederic J. Cowan, Atty. Gen., Frankfort, Sharon Whitaker, Rhonda Karen Richardson, Amy Garon Benovitz, Asst. Attys. Gen., Louisville, for appellee.

Before CLAYTON and WEST, JJ., and DUNN, Special Judge.

WEST, Judge.

This paternity action appears before this Court upon our grant of a motion for discretionary review. In allowing the motion, we limited review to two questions: (1) whether the trial court erred in ruling that appellant did not plead the defense of lach-

es, and (2) whether laches is a defense to an award of child support dating back to the 1971 date of birth, when the action was not brought until 1984.

On December 10, 1984, Dorothy Caldwell instituted this action alleging that John Wigginton was the father of an infant born out of wedlock on February 1, 1971. Appellant answered, denying all allegations and pleading "the Statute of Limitations has run on the plaintiff's claim and/or laches bars further action on this claim." Subsequently, appellant admitted he was the father of the child named in the complaint and signed an agreed judgment and order to pay $35.00 per week commencing in March 1986 until the child reaches majority. Thereafter, the appellee, through the County Attorney's Office, moved for a determination of arrearages from the child's date of birth.

Following a hearing, the court ordered arrearages from the date of birth to be paid at a rate of $35.00 per week in the total sum of $21,327.00. [$1,717.00 in arrearages to CHR, $19,610.00 in arrearages to the mother.] At that hearing, counsel for appellant argued:

"... she's entitled to something, but certainly not entitled to arrearages all the way back. She took no action for a period of ten years...."

■ Mr. Wigginton appealed from the order of arrearages to the Jefferson Circuit Court which affirmed by opinion and order of July 29, 1987. On appeal, that court stated that Mr. Wigginton failed to affirmatively plead laches in the trial court and thus, was barred from raising that defense for the first time on appeal. As we have previously stated, laches was affirmatively set forth in appellant's answer and, we believe, also sufficiently raised as a defense at the hearing. For that reason, the circuit court's ruling was erroneous. However, we must then determine whether laches is a valid defense to the court ordered arrearages.

■ As appellant has pointed out, the legislature has resolved this question in regard to cases decided after July 15, 1986, by the passage of KRS 406.031. That statute reads:

The determination of paternity under the provisions of KRS 406.021(1) shall be commenced within eighteen (18) years after the birth, miscarriage or stillbirth of a child. However, in such cases, *liability for child support shall not predate the initiation of action taken to determine paternity ... if the action is taken four (4) years or more from the date of birth.* (Emphasis added.)

Pursuant to the prior statute, held unconstitutional in May, 1986, appellee's paternity action would have been entirely barred by the four-year limitations period. Pursuant to the new statute, appellant would likewise not be liable for support prior to the initiation of the paternity action. The district court judgment awarding arrearages, however, was rendered during the two-month interim. The circuit court's opinion was entered after the new legislation became effective, but held KRS 406.031 could not be retroactively applied unless expressly provided for in the statute or unless there is clear legislative intent favoring retroactive application. KRS 446.080(3). As that is also the general policy expressed in case law on the issue, we have no problem with the court's decision to not apply KRS 406.031 retroactively.

■ However, the enactment of that statute does provide guidance in that it clearly evinces a legislative intent to limit liability for past support. *Commonwealth v. Boarman,* Ky.App., 610 S.W.2d 922 (1980). It is presumed that the legislature was familiar with the problems and concerns attendant to paternity-related actions, particularly in view of the prior legislative attempts at limitations which were held invalid. *See, e.g., Comm. ex rel Lepard v. Young,* Ky., 666 S.W.2d 735 (1983); *Alexander v. Comm., ex rel Mills,* Ky. App., 708 S.W.2d 102 (1986).

The new statute effectively deals with many concerns in that it allows eighteen

years for the "person substantially contributing to the support" to bring an action to determine paternity; but it prohibits parties who unreasonably delay in bringing such actions from recovering large amounts in arrearages. We believe this legislation, in effect, codifies the common law doctrine of laches, and we hold that laches can be a valid defense in paternity actions which seek past support.[1]

■ The basis of the doctrine of laches is that neglect or omission to assert one's rights within a reasonable period of time, where it causes prejudice, injury, disadvantage or a change of position to the other party, will bar enforcement of that claimant's rights. *Fightmaster v. Leffler,* Ky. App., 556 S.W.2d 180 (1977). The degree of laches necessary to make it inequitable to enforce the plaintiff's action must be determined according to the facts of each particular case. *Chapman v. Bradshaw,* Ky., 536 S.W.2d 447 (1976).

■ In the case at bar, we agree with the trial court's opinion that the award herein would not be likely to "destroy the appellant financially." Indeed, Mr. Wigginton had previously agreed to future child support payments of $35.00 per week.

However, it is, in our opinion, inequitable to allow appellee to receive arrearages in that amount for fifteen years when no steps were taken to determine paternity. Under any of the prior statutes of limitation in effect during the past fifteen years, the action to determine paternity itself would have been barred. Here, appellant has now admitted paternity, but he should not be held liable for amounts prior to the initiation of the action.

Accordingly, we REVERSE the Judgment of the court below, and REMAND this cause for a determination of support owed commencing from the initiation of the action, December, 1984.

All concur.

---

1. This is not, of course, the same situation as those cases which have held that mother's laches in asserting claim for child support ordered by divorce decree does not relieve father of obligation of support. *Holmes v. Burke,* Ky., 462 S.W.2d 915 (1971).