COMMONWEALTH of Kentucky, ex rel. Havana FLOYD, Appellant,

v.

Sylvester MACK, Appellee.

No. 86–CA–3054–DG.

Court of Appeals of Kentucky.

Nov. 4, 1988.

Rehearing Denied Jan. 27, 1989.

Rhonda K. Richardson, Asst. Atty. Gen., Louisville, Frederic J. Cowan, Atty. Gen., for appellant.

I. Joel Frockt, Louisville, for appellee.

Before CLAYTON and WEST, JJ., and DUNN, Special Judge.

WEST, Judge.

This action arose from a complaint filed in 1980 alleging that Sylvester Mack is the father of Michael and Daryl Floyd, two children born out-of-wedlock in 1965 and 1967, respectively. Appellee was not served with summons until 1984.

The case has proceeded slowly, being caught up in the confusion as to the constitutionality of statutes of limitation in paternity actions. *See, e.g., Comm., ex rel Lepard v. Young*, Ky., 666 S.W.2d 735 (1983); *Alexander v. Comm., ex rel Mills*, Ky. App., 708 S.W.2d 102 (1986). In 1986, the district court ordered all parties and the children to submit to blood tests as provided by KRS 406.081. Blood tests were scheduled on at least three separate occasions and the mother and children failed to appear. Each time the respondent moved to dismiss the case. After the third nonappearance, the court granted appellee's motion and dismissed the case.

The Commonwealth appealed to the circuit court arguing that the trial court erred in dismissing the action for failure of the prosecuting witness to appear for blood testing. The circuit court, "while not faulting the County Attorney," affirmed, finding no abuse of discretion in the court's dismissal.

Appellant has relied solely upon the language of KRS 406.081, to the effect:

... If the mother refuses ... to submit to such tests, the court may resolve the question of paternity against her, *unless such action is brought by or being pros-*

*ecuted by an agency contributing to the support of the child.*

It is the Commonwealth's position that KRS 406.081 specifically precludes dismissal of an action such as this brought by an agency contributing to the support of the child. Unfortunately, we must agree.

■ It is obvious to this Court that KRS 406.081 was intended to prevent the exact situation which has resulted in this case. The prosecuting witness has been a recipient of public assistance on behalf of these children, and, as such, assigned to the cabinet her right to any child support owed for the children, up to the amount of public assistance paid by the cabinet. KRS 205.720. The cabinet is required by law to make efforts to establish paternity and/or secure support from parents of children receiving public assistance. However, in many such cases, the prosecuting witness is uncooperative. KRS 406.081 was designed to prevent dismissal of such actions by the cabinet where the mother and/or children have refused to cooperate.

■ We do not believe this statute deprives the court of its discretion or power to dismiss a case upon other grounds such as failure to prosecute, insufficiency of evidence and failure to comply with court orders. CR 41.02, CR 77.03, CR 37.01. Indeed, under the facts of this case, a dismissal upon one of the aforementioned grounds would not likely be an abuse of discretion. It appears that appellant has delayed unreasonably to the detriment of the respondent and has failed to use those means available to it to require the mother and child to appear. Furthermore, considering the fact that the children are now adults and the mother has consistently been unwilling to cooperate, it is highly unlikely that paternity could be established at this point. Of course, the court retains the power to set the case for trial with or without the evidence of blood tests.

■ Nonetheless, the issue before us, as limited by the order granting discretionary review, is:

Whether this paternity action was brought by, or was prosecuted by an agency substantially contributing to the support of the child. And, if so, whether the trial court erred in dismissing the action.

The action was commenced while an ongoing payment of support was being made on behalf of minor children. Although the children have now reached the age of majority and no longer receive public assistance, we hold the action *was brought* by "an agency contributing to the support of the child." Furthermore, the court did violate KRS 406.081 in dismissing the case against the agency for failure of the parties to appear for blood tests.

Finally, in *Wigginton v. Comm., ex rel Dorothy Caldwell,* 760 S.W.2d 885 issued this same date, we held that laches is a valid defense to awards of back support and that parties who delay in bringing actions to determine paternity may be barred from recovering past support prior to the initiation of the action. Such is the legislative intent implicit in KRS 406.031. This case presents another example of the problems which may result when these claims are not timely prosecuted.

Nevertheless, in keeping with the statute, the judgment is REVERSED and REMANDED for proceedings consistent with the views expressed herein.

ALL CONCUR.