Jesse BRUMLEY, Appellant,

v.

William SEABOLD (Warden), Appellee.

No. 93–CA–000346–MR.

Court of Appeals of Kentucky.

Oct. 28, 1994.

Jesse Brumley, pro se.

Susan Alley, Dept. of Corrections, Frankfort, for appellee.

Before GARDNER, JOHNSON and SCHRODER, JJ.

JOHNSON, Judge:

Jesse Brumley (Brumley) appeals from an order entered by the Lyon Circuit Court dismissing his petition for habeas corpus based on the doctrine of laches. We affirm.

On August 9, 1983, the Bureau of Corrections filed an incident report charging Brumley with the rule violation of assault resulting in the serious injury of another inmate. After conducting a hearing, the Kentucky State Prison Adjustment Committee (the Committee) found Brumley guilty and set his punishment at one-hundred-and-eighty days of disciplinary service; loss of two years good-time credits that he had earned; and recommended that he be placed in the Administrative Control Unit. The Committee's report indicated that it based its findings and punishment upon the investigating officers' report as well as confidential information.

Brumley appealed the Committee's ruling to the Superintendent of the Kentucky State Penitentiary (the Superintendent), who affirmed the Committee's decision. The Superintendent found that Brumley's due process rights had not been violated and that pursuant to the Corrections Policy and Procedure it was proper not to release the confidential information to Brumley. On November 23, 1992, just prior to entering the final two years of his prison sentence, Brumley filed a petition for a writ of habeas corpus requesting the Lyon Circuit Court to expunge the disciplinary report from his file and to restore his good-time credits. In support of this claim, Brumley alleged that the prison disciplinary committee violated his right to due process (1) by failing to provide him with an adequate record of the evidence the Committee relied upon; (2) acting arbitrarily; and (3) failing to assess the reliability of the informants and the evidence.

William Seabold (Seabold), the Warden at the Kentucky State Penitentiary, filed a response to Brumley's petition on December 23, 1992, which denied Brumley's accusations and requested that the writ of habeas corpus be denied. Specifically, Seabold argued that Brumley was lawfully incarcerated and that his claims were barred by laches. In support of his argument, Seabold filed an affidavit signed by Tim Barnes, the Correctional Lieu-

tenant at the Kentucky State Penitentiary who served as the Adjustment Committee Chairman at the time the Committee took the action against Brumley. Barnes' affidavit stated that the Committee relied upon evidence from the investigating officers' reports as well as from confidential informants in reaching its decision and that Brumley's due process rights were not violated.

In response, Brumley filed a motion for an evidentiary hearing in order to respond to Seabold's claim of laches.. On January 13, 1993, the Lyon Circuit Court entered an order dismissing Brumley's petition which held that under *Wigginton v. Com. ex rel. Caldwell*, Ky.App., 760 S.W.2d 885 (1988), Brumley's claim was barred by laches. This appeal followed.

Brumley argues that since Warden Seabold failed to prove that the prison would suffer prejudice as a result of his delay, the circuit court erred by ruling that Brumley's claim for a writ of habeas corpus was barred by laches. In response to this argument, Warden Seabold argues that the prison is only required to maintain records of disciplinary proceedings for a period of five years and that since Brumley's disciplinary proceedings were held in 1983, the prison no longer has the relevant records. Warden Seabold points out that one of the reporting employees is deceased and the other's whereabouts are unknown. Accordingly, the institution is unable to produce the reporting employees, the tape recording of the disciplinary hearing, or the confidential information relied upon by the Committee. As a result, Warden Seabold maintains that the institution is put in the impossible position of validating a disciplinary proceeding without any evidence.

■ The privilege of the writ of habeas corpus is guaranteed by Section 16 of the Kentucky Constitution and may not be suspended except in situations of rebellion or invasion as required to secure public safety. We note that since Brumley is alleging immediate entitlement to release from custody a writ of habeas corpus is the proper proceeding. *Graham v. O'Dea*, Ky.App., 876 S.W.2d 621 (1994). KRS 419.020 provides as follows:

The writ of habeas corpus shall be issued upon petition on behalf of anyone showing by affidavit *probable cause* that he is being detained without lawful authority or is being imprisoned when by law he is entitled to bail. The writ may be issued by any circuit judge *on any day at any time* and his power to issue such writs shall be co-extensive with the Commonwealth. (emphasis added).

■ KRS 419.020 fails to address any time constraints with regard to a petitioner's right to seek a writ of habeas corpus. Moreover, the phrase "on any day at any time" would seem to indicate that there are no time constraints barring an individual with standing under KRS 419.020 to seek a writ of habeas corpus. However, KRS 419.020 also requires that the petitioner satisfy a "probable cause" showing that "he is being detained without lawful authority." In the case *sub judice*, Brumley has failed to meet this probable cause requirement. While it may be true that Warden Seabold cannot show that the disciplinary proceeding met due process requirements, it is also true that Brumley cannot show that it did not meet them. Brumley must do more than merely make an allegation of denial of due process; and when the reason he is impaired from doing so is his own delay of some nine years, he cannot prevail.

The basis of the doctrine of laches is that neglect or omission to assert one's rights within a reasonable period of time, where it causes prejudice, injury, disadvantage or a change of position to the other party, will bar enforcement of that claimant's rights. *Fightmaster v. Leffler*, Ky. App., 556 S.W.2d 180 (1977). The degree of laches necessary to make it inequitable to enforce the plaintiff's action must be determined according to the facts of each particular case. *Chapman v. Bradshaw*, Ky., 536 S.W.2d 447 (1976).

*Wigginton v. Comm. ex rel. Caldwell*, Ky. App., 760 S.W.2d 885, 887 (1988).

This Court has applied the doctrine of laches in RCr 11.42 proceedings. *See Hayes v. Commonwealth*, Ky.App., 837 S.W.2d 902 (1992). RCr 11.42 like KRS 419.020, uses

the language "at any time." However, in *Hayes, supra* at 905, our Court quoted the former Court of Appeals opinion in *McKinney v. Commonwealth,* Ky., 445 S.W.2d 874, 877 (1969), which stated, "we see no reason why the requirement to raise this issue '... in due season ...' should not apply at least to the extent of the proof necessary to sustain the petition." Further, *Hayes, supra* at 905, quoted *Adams v. Commonwealth,* Ky. App., 551 S.W.2d 249, 251 (1977), for the requirement "that a defendant, whether represented by counsel or indigent, is under a duty 'to bestir himself to some extent to protect his rights and remedies.'" As stated in *Hayes, supra* at 905, "[w]hether it be a rule of court, a statute or a jurisprudential principle, the rule of reason or reasonableness must be applied."

The United States Supreme Court case of *Vasquez v. Hillery,* 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986), is distinguishable from the case at bar. In *Vasquez* the Supreme Court held that federal habeas corpus relief was not precluded either by the fact that a long time had passed between the criminal conviction and the filing of the petition or by the fact that it would be difficult for the state to obtain a second conviction upon retrial of the accused. "[D]ismissal of a habeas petition when [the State] 'has been prejudiced in its ability to respond to the petition by delay in its filing' [is provided for under] 28 USC § 2254 Rule 9(a)." *Vasquez, supra,* 474 U.S. at 265, 106 S.Ct. at 624, 88 L.Ed.2d at 610. Whether the proceeding is an RCr 11.42 motion or a petition for writ of habeas corpus, the principle is the same: the prisoner cannot be allowed to sit on a claim of right while the evidence available to the Commonwealth to support the action taken disintegrates.

■ The degree of laches necessary to make it inequitable to pursue the petitioner's claim must be determined according to the facts of each particular case, *Wigginton, supra* at 887, and we conclude that the facts presented herein support the trial court's finding that Brumley's claim is barred by laches. The order of the Lyon Circuit Court is affirmed.

All concur.