**Everett Lee RODGERS, Appellant,**

v.

**John W. WINGO, Warden, Kentucky State Penitentiary, Appellee.**

Court of Appeals of Kentucky.

May 21, 1971.

Everett Lee Rodgers, pro se.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

The appellant filed a petition for a writ of habeas corpus, asserting that his prison term has been fully satisfied. He sought release from the penitentiary at Eddyville. From the judgment denying the relief sought, this appeal is prosecuted.

On June 4, 1968, appellant received concurrent sentences of three years for grand larceny and two years for dwelling-house breaking. These sentences were imposed in the Hopkins Circuit Court. On June 1, 1969, appellant was released on parole.

In September 1969, while free on parole, appellant broke and entered a storehouse; in October 1969, he stole a chain saw. These offenses occurred in Hopkins County where appellant was convicted of them, pursuant to his plea of guilty entered February 9, 1970. He was sentenced to a total imprisonment of three years for the latter two crimes (two years for storehouse breaking, one year for conversion,

to be served consecutively). The judgment provided that the sentences, totaling three years, " * * * are to run concurrently with the sentence he is now serving * *."

Appellant's parole was revoked November 5, 1969, but he was paroled again on November 16, 1970, only to have his parole revoked again on December 17, 1970.

Apparently, appellant takes the view that since his original three-year term has expired there is no longer a valid legal basis for his imprisonment. This argument seems to be premised on the idea that since the second three-year sentence was ordered to run concurrently with the original sentence there is no longer any term with which the second sentence can run concurrently. While this is an ingenious proposition, there is no basis in logic or law to support it. Rather, the second judgment, in providing that the sentence imposed should run concurrently with the first sentence, merely accorded appellant the right to have the time served on the first sentence to be credited against the second sentence. When the original term was satisfied, no effect was had on the unserved portion of the second term.

The judgment is affirmed.

All concur.