Arlie BROCK, Jr., Movant,

v.

Dewey SOWDERS, Respondent.

Supreme Court of Kentucky.

Nov. 3, 1980.

Rehearing Denied Feb. 17, 1981.

Jack E. Farley, Public Advocate, Donna Boyce Proctor and Michael A. Wright, Asst. Public Advocates, Frankfort, for movant.

Steven Beshear, Atty. Gen., George Geoghegan, III, K. Gail Leeco, Asst. Attys. Gen., Frankfort, for respondent.

LUKOWSKY, Justice.

The Lyon Circuit court denied Brock's petition for a writ of habeas corpus. The Court of Appeals affirmed. We reverse and remand because Brock may be detained in the Kentucky Penitentiary without legal authority. KRS 419.020.

This reversal is based on the affirmative resolution of two questions. The first is whether a Kentucky judgment directing that Kentucky sentences be served concurrently with another state's sentence, absent explicit statutory authority but resulting from a plea bargaining agreement, must be honored by the Kentucky Bureau of Corrections. The second is whether an Indiana sentence is still being served during parole so as to prohibit Kentucky officials from detaining a parolee to serve a concurrent sentence.

On November 29, 1974, Brock was convicted in Carroll Circuit Court on three counts of armed robbery and sentenced to serve three ten–year sentences to run concurrently with each other and with a sentence he was then serving in the state prison at Michigan City, Indiana. This sentence was the result of a bargain made by the Commonwealth in exchange for Brock's plea of guilty. After sentencing, Brock was returned to Indiana where he was incarcerated for three years. He was then paroled and immediately taken into custody by the Kentucky authorities. He was incarcerated for three years in Kentucky prisons. He received no credit for the time served in Indiana. He then filed his petition for a writ of habeas corpus.

■ The judgment entered by the Carroll Circuit Court explicitly provided that Brock's Kentucky sentences would run concurrently with his Indiana sentence and that he would be returned to Indiana to serve "said sentences." KRS 532.115 authorizes Kentucky courts to run their sentences concurrently with federal sentences, that is, to equate federal custody with state custody. But, no such express statutory authority has been granted as to the sentences of sister states. However, this concurrency resulted from a plea bargaining agreement. As we stated last year, "the government should not be allowed to welsh on its bargain." *Workman v. Commonwealth*, Ky., 580 S.W.2d 206, 207 (1979). Therefore, regardless of the absence of express statutory authority, Brock's Kentucky sentences must be recognized to run concurrently with his Indiana sentence.

When sentences are to run concurrently— when do they start and when do they end? The Kentucky legislature has provided answers. KRS 197.035(2) states: "If the additional sentence is designated to be served concurrently . . . [a confined prisoner] shall be considered as having started to serve said sentence on the day he was committed on the first sentence." KRS 532.120(1) states:

" . . . When a person is under more than one indeterminate sentence, the sentences shall be calculated as follows: (a) If the sentences run concurrently, the maximum terms merge in and are satisfied by discharge of the term which has the longest unexpired term to run. . . ."

Therefore, Brock's Kentucky sentence began to run the day he was confined in the Indiana prison on his Indiana conviction. His Kentucky sentence terminates at the discharge of the term of the longest sentence, a date not found in the record. Consequently, he is entitled to Kentucky credit for all time served in Indiana and only if the Kentucky sentence is longer than the Indiana sentence would the Kentucky officials have the authority to detain Brock, and then only at the discharge of the term of the Indiana sentence for the time remaining on the Kentucky sentence.

This proposition brings us to the second question in the case, whether time served on parole from the Indiana sentence satisfies the Kentucky sentence which is to run concurrently with it, so as to prohibit Kentucky officers from detaining the convict when he is released on parole by Indiana. We find that it does.

■ The judgment of the Carroll Circuit Court which directed that Brock be returned to Indiana to serve "said [concurrent] sentences" clearly reflects that the intention of the parties to the plea bargain was that the time spent in Indiana custody be equated with time spent in Kentucky custody. While KRS 439.344 provides that time on parole is not time in custody in the sense that it is creditable against the sentence the Indiana rule is to the contrary as stated in *Overlade v. Wells*, 234 Ind. 436, 127 N.E.2d 686, 690, 691 (1955).

"The parole authorized by [Indiana] statutes does not toll or suspend the running of the sentence, nor does it operate to shorten the term. While on parole the prisoner remains in the legal custody of the parole agent and warden of the prison from which he is paroled until the expiration of the maximum term specified in his sentence or until discharged as provided by law. Acts 1897, ch. 143, sec. 5, p. 219, being sec. 13–248, Burns' 1942 Replacement.

While a parole is an amelioration of punishment, *Anderson v. Corall*, 1923, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247, it is, in legal effect, still imprisonment. *Drinkall v. Spiegel*, 1896, 68 Conn. 441, 36 A. 830, 36 L.R.A. 486."

Consequently, the Kentucky officials were without authority to seize Brock when he was released from the Indiana prison on parole, and unless his Indiana maximum term has been completed he is being held without legal authority by the Kentucky Bureau of Corrections.

In order to properly apply the rules of law enunciated herein it will be necessary for the Judge of the Lyon Circuit Court to conduct an evidentiary hearing on remand and determine at least the date of Brock's original confinement on his Indiana sentence and the term of the Indiana sentence.

The decision of the Court of Appeals and the judgment of the Lyon Circuit Court are reversed and this cause is remanded to the Lyon Circuit Court for further proceedings and the entry of judgment consistent herewith.

All concur except STEPHENS, J., who did not sit.