Michael J. LEMON, Appellant,

v.

**CORRECTIONS CABINET, et al., Appellee.**

Court of Appeals of Kentucky.

June 6, 1986.

Richard L. Receveur, Appellate Public Advocate, Louisville, for appellant.

Linda C. Cooper, Barbara Jones, David Sexton, Office of General Counsel, Corrections Cabinet, Frankfort, for appellee.

Before HAYES, C.J., and COMBS and DUNN, JJ.

COMBS, Judge.

This is an appeal from the judgment of the Franklin Circuit Court, denying appellant's motion for a writ of mandamus.

In March of 1977, appellant was charged with burglary in Jefferson County and began accumulating jail credit for his later conviction in the Jefferson Circuit Court. Later that year, appellant was arrested for burglary in Hardin County and posted bond on that charge. Following the posting of bail, appellant was probated by the Jefferson Circuit Court, his probation was re-

voked, he was shock probated, and then recommitted on September 10, 1981, as a shock probation violator.

In October of 1982, appellant pled guilty to a reduced charge in Hardin County pursuant to a plea bargaining agreement. In exchange, the Hardin Circuit Court sentenced appellant to a four-year prison term, to be served concurrently with his four-year sentence from the Jefferson Circuit Court. The court also granted appellant credit time on the second four-year sentence "for all time served on the felony conviction for which he is presently incarcerated."

A dispute arose between appellant and the Corrections Cabinet [Cabinet] regarding the calculation of the credit time on appellant's second four-year sentence. Pursuant to administrative policy, the Cabinet computed appellant's credit time for the Jefferson County burglary from September 10, 1981, the date appellant returned to prison from shock probation. Apparently, the Cabinet gave appellant no credit for the time he spent in jail prior to his conviction on the Jefferson County charge as well as the time following between the date his probation was revoked and his shock probation.

Appellant contends that his Hardin County plea bargain required the Cabinet to credit all time served on his Jefferson County charge towards his Hardin County sentence, a total of 352 days. The Cabinet refused to calculate the credit according to appellant's method and appellant brought a motion in the Franklin Circuit Court for writ of mandamus to require the Cabinet to credit him with the 352 days jail time served in Jefferson County. The court denied the motion, and appellant brought this appeal.

We note at the outset that the method for computing any credit time is codified in KRS Chapter 532, so we begin with an examination of the pertinent statutes. A sentence of imprisonment for a felony is an indeterminate sentence. KRS 532.060(1). An indeterminate sentence commences "when the prisoner is received in an institu-

tion under the jurisdiction of the Bureau of Corrections." KRS 532.120(1). KRS 532.-120(3) provides in pertinent part:

Time spent in custody prior to the commencement of a sentence as a result of the charge that culminated in the sentence shall be credited by the court imposing sentence toward service of the maximum term of imprisonment. If the sentence is to an indeterminate term of imprisonment, the time spent in custody prior to the commencement of such sentence shall be considered *for all purposes* as time spent in prison. [Emphasis added.]

■ Furthermore, if indeterminate sentences run concurrently, "the maximum terms merge in and are satisfied by discharge of the term which has the longest unexpired term to run...." KRS 532.-120(1)(a). Therefore, a second judgment which provides that its sentence shall run concurrently with a prior sentence accords the convicted defendant the right to have the time served on the first sentence credited against the second sentence. *Rodgers v. Wingo*, Ky., 467 S.W.2d 369, 370 (1971).

■ KRS 532.120(3) is only mandatory if the accused spends time in custody relating to a charge which ultimately culminates in a conviction. Therefore, a trial court is not usually required to give credit for time served as a result of other charges. However, such credit lies within the sound discretion of the trial court, which remains free to impose any sentence otherwise authorized by statute.

In the case before us, the trial court specifically granted appellant credit "for all time served" as a result of his Jefferson County conviction, pursuant to a plea bargain. "Time served" includes all jail time properly credited towards the Jefferson County sentence. KRS 532.120(3). Moreover, appellant's sentence on the Jefferson County charge commenced on the date he was first received by the Cabinet.

Appellant's second four-year sentence began on the date he returned to prison from Hardin County, to run four years from that time. However, the following time must

be subtracted from the maximum four-year term: (1) all jail time properly credited toward the Jefferson County sentence; (2) the time spent in prison prior to shock probation; (3) the time spent in prison from appellant's date of return from shock probation until the date he was released to the Hardin County jail; and (4) the time spent in the Hardin County jail as a result of the Hardin County charge.

The judgment of the Franklin Circuit Court is reversed and the court is directed to order the Corrections Cabinet to recompute appellant's sentence pursuant to this opinion.

All concur.