**Henry HUDSON, Movant,**

v.

**COMMONWEALTH of Kentucky, Respondent.**

No. 96–SC–15–DG.

Supreme Court of Kentucky.

Oct. 24, 1996.

Ann T. Eblen, Louisville, for appellant.

A.B. Chandler, III, Attorney General, Stephanie C. Bingham, Justice Cabinet, Department of Corrections, Frankfort, for appellee.

STUMBO, Justice.

Movant, Henry Hudson, an inmate at the Western Kentucky Correctional Complex in Eddyville, Kentucky, challenges an order of the Court of Appeals affirming the denial of a writ of habeas corpus.

The facts of this case are undisputed. On March 1, 1988, Movant began serving a fourteen-year sentence under the custody and supervision of the Indiana Cabinet of Correction. On August 17, 1988, the Hopkins County (Ky.) Circuit Court placed with the Indiana authorities a detainer warrant and indictment against Movant on a Kentucky charge. Movant appeared before the Hopkins Circuit Court on March 6, 1989, and, pursuant to a plea agreement, pled guilty to the charge pending against him in exchange for a sentence of twenty years, to run concurrently with his Indiana sentence. Three days later, the court entered judgment on the guilty plea and the Hopkins County Sheriff delivered Movant to an Indiana prison, where he remained until March 1, 1995, when he was paroled.

Upon his release, Indiana authorities immediately delivered Movant to the Kentucky Department of Corrections and he began serving his Kentucky sentence. Movant filed a petition for writ of habeas corpus on August 4, 1995, relying on our decision in *Brock v. Sowders,* Ky., 610 S.W.2d 591 (1980). The Lyon Circuit Court denied the writ on September 14, 1995, and the Court of Appeals affirmed the decision on December 20, 1995. Movant filed a motion for discretionary review, which we granted. In the interim, Indiana finally discharged Movant from custody on March 1, 1996. Based on Movant's final discharge, we find the instant case distinguishable from *Brock* and now affirm the decision below.

Movant initially claimed, under the similar facts in *Brock, supra,* to be entitled to immediate release from custody. In that case, Brock, at the time under the authority of the Indiana Department of Correction, pled guilty to three counts of armed robbery in Carroll County (Ky.) Circuit Court. Pursuant to a plea agreement, the court then sentenced Brock to three, ten-year sentences to run concurrently with each other. In addition, although no statute expressly authorized such an arrangement, the agreement specified that Brock's Kentucky sentence would run concurrently with his Indiana sentence. *Id.* at 592.

Following Brock's sentencing in Kentucky, authorities returned him to Indiana, where he spent the next three years in an Indiana prison before being granted parole. After his parole, Kentucky authorities immediately took Brock into custody and incarcerated him in a Kentucky prison. Three years into his Kentucky sentence, Brock filed a petition for writ of habeas corpus, alleging that the Commonwealth had detained him without legal authority. After the circuit court denied the writ and the Court of Appeals affirmed, we remanded the case to the trial court based upon two considerations. *Id.*

We noted initially that the Commonwealth had reneged on its promise to credit Brock for his time served in the Indiana prison system. Although there was, at the time, no express statutory authorization for such a bargain, under *Workman v. Commonwealth,* Ky., 580 S.W.2d 206, 207 (1979), the Court held that the express terms of the plea agreement "must be recognized" and held the Commonwealth to its bargain. "Brock's Kentucky sentence began to run the day he was confined in the Indiana prison on his Indiana conviction.... Consequently, he is entitled to Kentucky credit for all the time served in Indiana...." *Id.* The Court further held that the calculation of "time served" in Indiana should include the period of parole, since, during that period, Brock fell under Indiana's jurisdiction, where, at that time, parole counted as time spent "in custody." *Id.*

The Court next addressed the question of whether the writ should issue. Since Kentucky authorities lacked jurisdiction over Brock until his term in Indiana had been completed, we held that "unless [Brock's] Indiana maximum term has been completed he is being held without legal authority by the Kentucky Bureau of Corrections." *Id.* at 593. Unfortunately, the record revealed neither Brock's original date of incarceration nor the amount of time he had spent in the Indiana prison, which precluded an accurate determination of whether the maximum Indiana term had been completed. As a result, the Court remanded the case for a determination of Brock's original date of confinement and the term of his Indiana sentence.

At the time of briefing, the facts presented in the instant case fit neatly within *Brock v. Sowders.* Movant, incarcerated in Indiana, came to Kentucky and entered into a plea agreement on a Kentucky charge that specified that the Indiana and Kentucky sentences would run concurrently. After being paroled by Indiana, Movant was immediately taken into custody by Kentucky authorities. As noted above, however, after we granted discretionary review but before oral argument, the Commonwealth filed with this Court documents indicating that the Indiana Department of Correction had, in fact, finally discharged Movant on March 1, 1996. Based upon the nature of the remedy requested, we find that fact dispositive.

██ The sole purpose of a habeas corpus proceeding is to determine whether the person detained is entitled to an *immediate* release from detention. *Graham v. O'Dea,* Ky.App., 876 S.W.2d 621 (1994); *Brumley v. Seabold,* Ky.App., 885 S.W.2d 954, 956 (1994). We premised our decision in *Brock* on the fact that, at the time of his detention in Kentucky, Brock possibly remained under the jurisdiction of Indiana authorities. At that time, in Indiana, "parole ... [did] not toll or suspend the running of the sentence, nor [did] it operate to shorten the term." *Id.* at 593 (quoting *Overlade v. Wells,* 234 Ind. 436, 127 N.E.2d 686, 690, 691 (1955)). Instead, "[w]hile on parole the prisoner remain[ed] in the legal custody of the parole agent and warden of the prison from which he [was] paroled...." *Id.* Therefore, if Brock's maximum Indiana term had not expired, he remained under Indiana authority, and any detention in Kentucky necessarily became unlawful.

In the instant case, however, there can be no question: pursuant to the final discharge of March 1, 1996, Movant's maximum Indiana sentence has expired. Because his Kentucky sentence is longer than the maximum Indiana term, Movant is now lawfully under the jurisdiction of the Kentucky prison system. See *Brock, supra* at 592. As noted, a writ of habeas corpus will issue only when there is an illegal detention that warrants immediate release. *Graham, supra; Brumley, supra.* Here, there is no such illegal detention. Accordingly, we deny the writ.

██ Recognizing that his final discharge from the Indiana correctional system might preclude a habeas writ, Movant alternatively requests a *"Brock-*type" hearing to determine the amount of credit he is entitled to on his Kentucky sentence. A careful reading of *Brock,* however, illustrates that no such hearing is required here. *Brock* mandated such a hearing only because of the scarcity of evidence in the record concerning the crucial factor, the maximum Indiana term of imprisonment. The record in the instant case,

however, reveals Movant's original date of confinement to be March 1, 1988, and all agree Movant served seven years in an Indiana prison and one year on parole before his final discharge by Indiana. Consequently, there is no reason to hold a hearing in the instant case. Movant's maximum Indiana term does not exceed his Kentucky sentence, and, in fact, Kentucky authorities have credited Movant for the seven years spent in the Indiana prison, as they should.

In a related argument, Movant asks this Court to grant him an additional credit against his Kentucky sentence for the year he spent on parole, in addition to the seven years he has spent in prison. To allow a credit for the one year spent on Indiana parole while simultaneously incarcerated in Kentucky would, in effect, allow Movant a double credit for the same year, a result that is both illogical and unsupported by the applicable law. While we allowed such a credit in *Brock*, at the time, Indiana gave an inmate so-called "credit time" when an inmate was on parole. "While [Kentucky's statute] provides that time on parole is not time in custody in the sense that it is creditable against the sentence the Indiana rule is to the contrary...." *Id.* at 592 (citing *Overlade, supra*). During the period in question, Brock remained under Indiana jurisdiction; therefore, Indiana law governed what credit time Brock received. In Movant's case, Indiana law still governs the amount of credit time; since the *Brock* decision, though, Indiana has revised its parole statutes. The applicable statute now reads, in relevant part: "A person imprisoned for a crime earns credit time irrespective of the degree of security to which he is assigned. However, *a person does not earn credit time while on parole or probation.*" Ind.Code § 35–50–6–6(a) (emphasis added). As a result, Movant is entitled to the seven years of credit time on his sentence for which he has been credited, but no more.

In summary, Movant is lawfully incarcerated in Kentucky and thus not entitled to a writ of habeas corpus. Furthermore, he is not entitled to a hearing on the habeas corpus issue, nor on the issue of how much credit he should receive, since the Kentucky

Department of Corrections has credited him for the seven years he spent in prison in Indiana. For the foregoing reasons, the decision below is affirmed.

All sitting. All concur.