**David LIENHART, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

**No. 96–SC–620–MR.**

Supreme Court of Kentucky.

Oct. 2, 1997.

Irvin J. Halbleib, Appellate Public Advocate, Louisville, for Appellant.

A.B. Chandler, III, Attorney General, Courtney A. Jones, Assistant Attorney General, Frankfort, for Appellee.

JOHNSTONE, Justice.

Appellant, David Lienhart, was convicted in the Kenton Circuit Court for first-degree burglary and for being a persistent felony offender, second degree. He was sentenced to twenty years imprisonment and appeals to this Court as a matter of right. The sole issue presented on appeal concerns the sufficiency of the evidence supporting Appellant's PFO conviction. For reasons stated herein, we affirm in part, and reverse in part, the decision of the trial court.

In September 1995, Appellant was indicted for the first-degree burglary of a Kenton County residence and for being a persistent felony offender, second degree. In April 1996, a jury found Appellant guilty on the burglary count and recommended a sentence of twenty years imprisonment.

During the subsequent PFO hearing, the Commonwealth produced evidence of three prior felonies for which Appellant had been convicted. On January 13, 1987, and while Appellant was under eighteen years of age, he was convicted in the Kenton Circuit Court for receiving stolen property over $100 and second-degree burglary. The trial court sentenced Appellant to concurrent sentences of five years on the receiving stolen property charge and one year on the burglary charge. On October 31, 1989, and while he was still incarcerated, Appellant was convicted and received a one-year sentence in the Oldham Circuit Court for promoting contraband in the first degree. This offense was committed when Appellant was over eighteen years of age. Appellant was released from incarceration on September 15, 1991, having served the maximum five-year term imposed for the 1987 convictions.

At the conclusion of the sentencing phase, Appellant moved for a directed verdict on the PFO charge, arguing that the evidence did not establish his PFO status. The motion was denied and the jury returned a verdict convicting Appellant of being a second-degree persistent felony offender, based upon the underlying felony conviction for promoting contraband. Appellant received a twenty-year sentence on the PFO charge, to be served in lieu of the burglary sentence. This appeal followed.

Appellant argues he was entitled to a directed verdict on the PFO charge because the underlying felony conviction does not satisfy the requirements of KRS 532.080(2). The statute provides, in pertinent part:

(2) A persistent felony offender in the second degree is a person who is more than twenty-one years of age and who stands convicted of one (1) previous felony. As used in this provision, a previous felony conviction is a conviction of a felony in this state or conviction of a crime in any other jurisdiction provided:

(a) That a sentence to a term of imprisonment of one (1) year or more or a sentence to death was imposed therefor; and

(b) That the offender was over the age of eighteen (18) years at the time the offense was committed; and

(c) That the offender:

1. Completed service of the sentence imposed on the previous felony conviction within five (5) years prior to the date of commission of the felony for which he now stands convicted[.]

Appellant argues that his conviction for promoting contraband fails to meet the requirements of KRS 532.080(2)(c)(1), because he did not complete service of the sentence imposed therefor within five years of the offense date alleged for the burglary conviction at bar. Appellant's argument is substantiated by a careful analysis of the facts and applicable law.

Appellant's one-year sentence for promoting contraband was entered on October 31, 1989. Since the judgment was silent as to whether the sentence was to run concurrently or consecutively with the five-year sentence Appellant was already serving, KRS 532.110 requires the sentence to run concurrently. "If the court does not specify the manner in which a sentence imposed by it is to run, the sentence shall run concurrently with any other sentence which the defendant must serve." KRS 532.110(2).

Thus, the question necessarily becomes on what dates did Appellant's one-year sentence for promoting contraband begin and end. In *Brock v. Sowders*, Ky., 610 S.W.2d 591, 592 (1980), this Court stated:

When sentences are to run concurrently—when do they start and when do they end? The Kentucky legislature has provided answers. KRS 197.035(2) states: "If the additional sentence is designated to be served concurrently ... [a confined prisoner] shall be considered as having started to serve said sentence on the day he was committed on the first sentence."

It is apparent from the language of *Brock* and KRS 197.035(2), that Appellant's one-year sentence must be deemed to have commenced at the same time he began serving his five-year sentence, specifically in 1987. *See also Rodgers v. Wingo*, Ky., 467 S.W.2d 369 (1971)—(A second judgment which provides that the sentence shall run concurrently with a prior sentence accords the convicted defendant the right to have the time served on the first sentence credited against the second sentence.) As such, the one-year sentence expired in 1988, outside the five-year requirement specified in KRS 532.080(2)(c)(1).

The Commonwealth argues that the pertinent date is the date of final discharge, which in this case was September 15, 1991. However, Appellant was released upon completion of the maximum five-year sentence imposed on the burglary and receiving stolen property convictions, which occurred while he was under eighteen years of age. We cannot conclude, given the applicable statutes and case law, that the date of final discharge determines either the date of commencement or completion of a concurrent sentence which is for a shorter period of time than the original sentence.

Since the conviction for promoting contraband was Appellant's only prior felony committed when he was over the age of eighteen, and service of the sentence imposed therefor was completed more than five years before the 1995 burglary, the conviction was insufficient to establish Appellant's PFO status. As such, Appellant was entitled to a directed verdict and the trial court erred in denying the same. Appellant's PFO conviction must therefore be reversed.

The judgment and sentence of the Kenton Circuit Court for first-degree burglary are affirmed. Appellant's persistent felony offender conviction is hereby reversed and remanded for the entry of an order in accordance with this opinion.

STEPHENS, C.J., and COOPER, GRAVES, LAMBERT and STUMBO, JJ., concur.

WINTERSHEIMER, J., concurs in part and dissents in part by separate opinion.

WINTERSHEIMER, Justice, concurring in part and dissenting in part.

I concur with that part of the opinion which affirms the conviction and sentence for first-degree burglary. However, I respectfully dissent from that part of the opinion which reverses the persistent felony conviction and orders a remand. The trial judge was correct in denying Lienhart's motion for a directed verdict on the PFO matter.

The charge used to enhance the conviction of Lienhart as being a second-degree persistent felony offender was not outside the five-year time limit established by KRS 532.080(2).

A careful review of the facts indicates that Lienhart was first convicted of a felony charge on January 13, 1987, when he was 16 years old. He was sentenced to five years. Lienhart was later convicted of promoting contraband in the first degree on October 31, 1989, and received a one-year sentence which was to run concurrently with the sentence from the January 13, 1987 conviction. Five years from January 1987 would be January 1992. Lienhart was actually discharged on September 15, 1991, which was within the five-year time limit of the statute. Even if this five-year time was calculated from the sentence on first-degree promoting contraband, Lienhart would have served out his one year sentence in October of 1990, which was also within the five-year time limit.

The date of actual discharge, September 15, 1991, was within the five-year limitation of KRS 532.080(2)(c)(1). The conviction on promoting contraband in the first degree was separate and distinct from any other prior conviction despite the fact that this sentence ran concurrent with the sentence of January 13, 1987. The evidence indicates that Lienhart completed penal service for the first-degree promoting contraband conviction on September 15, 1991, which is within five years of September 4, 1995, the date on which he committed the burglary.

Consequently, the argument that the statute prohibits the second-degree PFO enhancement is without merit. *Brock v. Sowders,* Ky., 610 S.W.2d 591 (1980), is not applicable to this situation. The trial judge was correct in denying the motion for a directed verdict of acquittal on the PFO charge.

I would affirm the judgment of the circuit court in all respects.