Phillip **RICHARDS**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
Appellee.

No. 2008–CA–001019–MR.

Court of Appeals of Kentucky.

Feb. 26, 2010.

Emily Holt Rhorer, Assistant Public Advocate, Frankfort, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Davis B. Abner, Assistant Attorney General, Frankfort, KY, for appellee.

Before NICKELL and VANMETER, Judges; LAMBERT,[1] Senior Judge.

## OPINION

NICKELL, Judge.

Phillip Richards appeals from an order of the Fayette Circuit Court denying his motion for custody credit of 802 days. Because his ten-year Kentucky sentence was ordered to run concurrently with an eight-year Florida sentence he was already serving, Richards claims he is entitled to immediate credit against his Kentucky sentence for any time served on the Florida sentence. The Commonwealth does not argue Richards will not receive credit for time already served, only that the credit will not be calculated and awarded until completion of the Florida sentence. Otherwise, Richards would erroneously receive double credit for the time spent in custody in Florida. We affirm the denial of custody credit.

## FACTUAL BACKGROUND

While being interviewed by police in Florida following an arrest for trafficking in oxycontin, Richards confessed to robbing a Walgreen pharmacy in Lexington, Kentucky, and taking a large quantity of oxycontin pills. When Lexington police learned of the confession in May 2005, they issued a warrant and placed a detainer on Richards.

On September 30, 2005, Richards was sentenced in Florida to serve eight years for trafficking and burglary. In December 2005, Richards learned of the Kentucky detainer. In January 2006, he requested final disposition of the Kentucky case, but Florida officials did not act on the request until May 2007. Richards was finally transported to Lexington in mid–August 2007, indicted on a charge of robbery in the first degree[2] on October 15, 2007, and arraigned on October 18, 2007.

At a status hearing on November 9, 2007, Richards wanted to withdraw a motion to dismiss the indictment he had filed pursuant to the Interstate Agreement on Detainers[3] (IAD), plead guilty to an amended charge of second-degree robbery,[4] and be sentenced to a term of ten years that day so he could return to Florida as quickly as possible. The court agreed to conduct the final sentencing that day but would require Richards to remain in Kentucky until the probation and parole office could complete its paperwork. However, when the court revealed that the Kentucky sentence would be run consecutively to the Florida sentence, Richards deemed this unacceptable and asked to withdraw his guilty plea.

"the prisoner ... shall be brought to trial within one hundred eighty (180) days" after notifying the prosecuting officer of his place of incarceration and his request for final disposition of his case.

4. KRS 515.030, a Class C felony.

---

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

2. KRS 515.020, a Class B felony.

3. Codified at KRS 440.450 et seq. KRS 440.450, Art. III(1) states in relevant part,

After much debate, the matter was passed for a week and, during that time, the court entered a written order allowing Richards to withdraw his guilty plea. Richards also refiled his motion to dismiss the Kentucky indictment as being violative of the IAD. The IAD issue was briefed and heard on November 29, 2007. At the hearing, the parties agreed the 180–day window permitted by the IAD commenced running on May 14, 2007, and expired on November 9, 2007, the date on which Richards's guilty plea was originally accepted by the trial court. Rather than have the trial court address whether the Commonwealth's failure to comply with the 180–day window was excused, the parties agreed Richards would reinstate his guilty plea to the reduced charge of second-degree robbery, effective as of November 9, 2007, and the Commonwealth would recommend that the ten-year Kentucky sentence be served *concurrently* with the eight-year Florida sentence. Thereafter, the court sentenced Richards in conformity with the Commonwealth's recommendation.

At the conclusion of the final sentencing on November 29, 2007, Richards requested credit for time served since waiving extradition in September 2005. The trial court stated it was not involved in the calculation of credit for time served and did not know how much custody credit Richards would receive, but it would see that he received credit for any time to which he was entitled. When the final judgment was entered on December 13, 2007, the Kentucky sentence was ordered to run concurrently with the Florida sentence, with a *custody credit of zero days.*

On April 16, 2008, Richards moved for custody credit of 802 days under KRS 197.035(2). This figure represented the time served from September 30, 2005, when he began serving his Florida sentence, until December 11, 2007, when he was returned to Florida following his guilty plea and sentencing in Kentucky. The motion was denied by the trial court on April 30, 2008, based upon a letter provided by a Kentucky Probation & Parole Investigator. That letter stated in relevant part:

This letter is to inform the court that Mr. Richards does not receive any additional credit for Indictment # 07–CR–1328. In regards to Mr. Richards custody credit the only way he would (sic) awarded credit for this offense would be any time he spent in jail for this offense prior to his sentencing, which is not the case in regards to this indictment. Mr. Richards was never arrested for this offense when it was committed. Mr. Richards came to Kentucky, committed the offense of Robbery, and then fled back to Florida. When he returned to Florida he was arrested and began serving time for another felony conviction that was committed in Florida and had nothing to do with his Kentucky offense. He received eight years to serve for his Florida conviction. Mr. Richards was in custody in Florida when he was served with the warrant for the Kentucky offense and when he was sentenced on 07–CR–1328 his sentence was ran (sic) concurrent with Florida. However, that does not award Mr. Richards any additional time for his Kentucky offense due to the sentences being ran (sic) currently (sic). Mr. Richards' custody credit has (sic) calculated by way of Florida Department of Corrections. Therefore, Mr. Richards still receives 0 days custody credit for Indictment # 07–CR–1328. Once Mr. Richards has completed his eight year sentence and has to be returned to Kentucky to finish the remainder of his sentence for Kentucky than (sic) at that point Offender Information Services will calculate any custody credit Mr. Richards may be entitled to receive. Offender Information Services staff will

contact Florida for documentation of time served on Mr. Richards (sic) Florida sentence and credit it toward his Kentucky sentence as credit for time served.

This appeal followed. We affirm.

## LEGAL ANALYSIS

It is undisputed that the Commonwealth recommended and the trial court imposed concurrent sentencing. We have not been cited, nor have we located, authority specifically holding when credit for time served is calculated and applied to a Kentucky sentence being served concurrently with a previously imposed sentence by a foreign state. However, we have determined *Brock v. Sowders,* 610 S.W.2d 591 (Ky.1980), to be instructive, particularly the portion stating:

> [w]hen sentences are to run concurrently—when do they start and when do they end? The Kentucky legislature has provided answers. KRS 197.035(2) states: "If the additional sentence is designated to be served concurrently ... (a confined prisoner) shall be considered as having started to serve said sentence on the day he was committed on the first sentence." KRS 532.120(1) states:
>
> > "... When a person is under more than one indeterminate sentence, the sentences shall be calculated as follows: (a) If the sentences run concurrently, the maximum terms merge in and are satisfied by discharge of the term which has the longest unexpired term to run...."
>
> Therefore, [the defendant's] Kentucky sentence began to run the day he was confined in the [foreign] prison on his [foreign] conviction. His Kentucky sentence terminates at the discharge of the term of the longest sentence.... Consequently, he is entitled to Kentucky credit for all time served in [the foreign state] and only if the Kentucky sentence

is longer than the [foreign] sentence would the Kentucky officials have the authority to detain [him], and then only at the discharge of the term of the [foreign] sentence for the time remaining on the Kentucky sentence.

Based upon *Brock* and KRS 197.035(2), we know Richards began serving his ten-year Kentucky sentence commensurate with service of his eight-year Florida sentence. However, until Richards completes the shorter Florida sentence, the amount of credit for time served to which he is entitled cannot be calculated. This fact was explained in the letter provided by the Kentucky Probation and Parole Officer. Furthermore, because Richards was already serving the eight-year Florida sentence while in Lexington to resolve the Kentucky robbery charge, he received credit from Florida authorities for his time in Kentucky towards service of the eight-year Florida trafficking sentence. For Kentucky to award Richards another 802 days in custody credit would constitute a double award for which there is no legal authority.

For the foregoing reasons, the order of the Fayette Circuit Court denying the motion for custody credit is affirmed.

ALL CONCUR.