Terry INGRAM, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2010–CA–000463–MR.

Court of Appeals of Kentucky.

April 8, 2011.

Shannon Dupree, Assistant Public Advocate, Frankfort, KY, for Appellant.

Jack Conway, Attorney General of Kentucky, Ken W. Riggs, Assistant Attorney General, Frankfort, KY, for Appellee.

Before COMBS and MOORE, Judges; ISAAC,[1] Senior Judge.

1. Senior Judge Sheila R. Isaac sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statute (KRS) 21.580.

*OPINION*

MOORE, Judge:

On March 4, 2009, the Scott Circuit Court sentenced the Appellant, Terry Ingram, to a two-year term of imprisonment, probated for a period of five years, pursuant to Ingram's guilty plea regarding a felony charge of flagrant non-support in the case at bar, 08–CR–00009.

Thereafter, Ingram's probation in an unrelated matter was revoked. That unrelated matter, designated 06–CR–00048, originated from a misdemeanor conviction for various drug offenses. The revocation of his probation in that matter resulted in Ingram's incarceration for a period of twelve months, which began on July 6, 2009.

On September 17, 2009, Ingram moved the circuit court to revoke his probation relating to his felony sentence for flagrant non-support. In response, the circuit court entered an order on October 7, 2009, which states:

> This matter came before the Court on October 5, 2009, upon the Motion of Probation and Parole to revoke the Defendant's probation [2], and it appearing to this Court that sufficient grounds exist to revoke the Defendant's probation, and the Court being sufficiently advised, hereby revokes the Defendant's probation and imposes his sentence of 2 years, to be served concurrently with any other sentence. The Defendant was credited with 38 days of jail credit at the time of initial sentencing. The Defendant is further granted 0 days of additional jail credit against his sentence, effective October 5, 2009.

2. The only motion to revoke Ingram's probation, contained in the record of this matter, was filed by Ingram.

On December 10, 2009, Ingram moved the circuit court to credit 91 days of jail time against his two-year sentence in 08–CR–00009. This figure represented the total number of days between the date he was incarcerated for his twelve-month sentence for his misdemeanor conviction and the effective date that the circuit court revoked his probation in the instant matter. Ingram argued that pursuant to Kentucky Revised Statutes (KRS) 197.035(2) and 532.110(1)(a), his two-year sentence should be deemed to have begun on July 6, 2009, the date he began serving his twelve-month sentence in 06–CR–00048.

The circuit court denied Ingram's motion for custody credit. In a January 25, 2010 order, the circuit court stated:

> It is well established that a defendant is not automatically entitled to jail time credit for time spent in custody upon another charge. *See Lemon v. Corrections Cabinet*, 712 S.W.2d 370, 371 (Ky. Ct.App.1986). While KRS 532.110(1) requires that Ingram's sentences run concurrent, KRS 532.120(3) only mandates that he receive jail time credit for time spent in custody as a result of the charge for which he is incarcerated. *Id.* The determination of whether to give credit on one charge for time served as a result of another charge lies within the sound discretion of the trial court. *Id.* Here, the jail time for which Ingram seeks credit on the charge in 08–CR–00009 was actually served as a result of his probation being revoked and him [sic] being sentenced to serve the twelve months on the charge in 06–CR–00048. No holder or warrant was ever placed on Ingram's 08–CR–00009 case while the 06–CR–00048 case was pending. Therefore, contrary to Ingram's assertions, the Court is not required to give Ingram the credit he seeks and may in its discretion deny his request. Given the fact that these cases are separate and dis-

tinct, the jail time credit for 06–CR–00048 should not be applied to 08–CR–00009.

This appeal followed, and Ingram restates the argument he posed before the circuit court. Ingram's argument is well taken, and we now reverse the circuit court's decision to deny the credit he requested.

■ The face of the circuit court's order reflects three errors. First, the circuit court mistakenly assumed that Kentucky law required Ingram's sentences in 06–CR–00048 and 08–CR–00009 to run concurrently, without exception. It is true, as the circuit court's order recites, that KRS 532.110(1)(a) generally requires that "[a] definite and indeterminate term," such as Ingram's two sentences herein, "shall run concurrently." However, KRS 533.040(3) provides a notable exception to this rule in cases, such as this, where probation is revoked. *See Warren v. Commonwealth*, 981 S.W.2d 134, 136 (Ky.App.1998). KRS 533.040(3) states:

> A sentence of probation or conditional discharge shall run concurrently with any federal or state jail, prison, or parole term for another offense to which the defendant is or becomes subject during the period, *unless the sentence of probation or conditional discharge is revoked.* The revocation shall take place prior to parole under or expiration of the sentence of imprisonment or within ninety (90) days after the grounds for revocation come to the attention of the Department of Corrections, whichever occurs first.

(Emphasis added.)

There was certainly nothing improper about the circuit court's decision to run Ingram's sentence in 08–CR–00009 concurrently with his sentence in 06–CR–00048, even if it believed that KRS 532.110(1)(a)

mandated this result. However, the circuit court labored under a misapprehension if 1) this was its sole reason for running these sentences concurrently; and if 2) it had revoked Ingram's sentence of probation in 08–CR–00009 within the 90–day period required by KRS 533.040(3). If the circuit court had revoked Ingram's probation within the 90–day period required by KRS 533.040(3), the circuit court had the option of ordering Ingram's sentences to run concurrently *or* consecutively.[3] *Warren,* 981 S.W.2d at 136.

■ Second, the circuit court mistakenly relied upon KRS 532.120(3) and *Lemon v. Corrections Cabinet,* 712 S.W.2d 370 (Ky.App.1986), in its resolution of this matter. KRS 532.120(3) provides:

Time spent in custody prior to the commencement of a sentence as a result of the charge that culminated in the sentence shall be credited by the court imposing sentence toward service of the maximum term of imprisonment. If the sentence is to an indeterminate term of imprisonment, the time spent in custody prior to the commencement of the sentence shall be considered for all purposes as time served in prison.

Additionally, the portion of *Lemon,* 712 S.W.2d at 371, to which the trial court referred in its order, merely provides that KRS 532.120(3) is only mandatory if the accused spends time in custody relating to a charge which ultimately culminates in a conviction. Therefore, a trial court is not usually required to give credit for time served as a result of other charges. However, such credit lies within the sound discretion of the trial court, which remains free to impose any sentence otherwise authorized by statute.

KRS 532.120(3) is not at issue in the present matter because Ingram is not seeking jail credit for time served on the same offense, and he is not seeking to credit time that he served in jail between a charge and an ultimate conviction of one offense to a sentence he must serve on another offense. Moreover, KRS 532.120(3) does not preclude giving credit for time served for purposes of remedying a sentencing error. *Prather v. Commonwealth,* 301 S.W.3d 20, 23 (Ky.2009). And, the upshot of Ingram's argument is that he was entitled to credit due to a sentencing error.

■ This leads to the third error contained in the circuit court's January 25, 2010 order. The issue in this matter is when the term of Ingram's two sentences actually *began.* Ingram is arguing that when the circuit court ordered his sentence in 08–CR–00009 to run concurrently with the sentence he was already serving in 06–CR–00048, the circuit court's order had the legal effect of causing the term of his sentence in 08–CR–00009 to relate back in time to the date when his sentence in 06–CR–00048 started.

In *Brock v. Sowders,* 610 S.W.2d 591, 592 (Ky.1980), the Supreme Court of Kentucky stated:

When sentences are to run concurrently—when do they start and when do they end? The Kentucky legislature has provided answers. KRS 197.035(2) states: If the additional sentence is designated to be served concurrently ... (a confined prisoner) shall be considered as having started to serve said sentence on the day he was committed on the first sentence.

When the circuit court revoked Ingram's probation in 08–CR–00009, and ordered

---

**3.** The record is silent regarding whether the circuit court revoked Ingram's probation in 08–CR–00009 within the required 90–day period. But, because the circuit court ordered Ingram's sentences to run concurrently, this point is not relevant to our resolution of Ingram's appeal.

Ingram to serve the resulting two-year sentence "concurrently with any sentence," Ingram was, at that time, 1) a confined prisoner; and 2) serving another sentence. Therefore, the starting date of his two-year sentence was the same as the starting date of his twelve-month sentence, *i.e.,* July 6, 2009. Thus, when the trial court denied Ingram's motion for jail credit on his two-year sentence for the period between July 6, 2009, and October 5, 2009, the circuit court committed reversible error.

The Commonwealth urges that Ingram's sentence in 08–CR–00009, which was designated to run concurrently with his earlier sentence, 06–CR–00048, should not relate back to the same starting date because these respective sentences are based upon "separate and distinct" offenses, *i.e.,* Ingram's sentence in 08–CR–00009 was imposed for flagrant non-support, while his sentence relating to 06–CR–00048 was based upon various drug offenses. The trial court's January 25, 2010 order also justified its result by relying upon this fact. Ironically, this argument was precisely the thrust of Justice Wintersheimer's *dissent* in a case strikingly on point with the one at bar, *Lienhart v. Commonwealth,* 953 S.W.2d 70 (Ky. 1997).

In *Lienhart,* the appellant was convicted of receiving stolen property and second-degree burglary on January 13, 1987, and received a five-year sentence. *Id.* On October 31, 1989, while he was still incarcerated, the appellant was convicted and received a one-year sentence for promoting contraband in the first degree. *Id.* The Kentucky Supreme Court reasoned that because the judgment relative to the latter sentence was silent as to whether the sentence was to run concurrently or consecutively with the five-year sentence he was already serving, KRS 532.110 required the two sentences to run concur-

rently. *Id.* at 71. Consequently, the Court reasoned:

It is apparent from the language of *Brock* [610 S.W.2d at 592] and KRS 197.035(2), that Appellant's one-year sentence must be deemed to have commenced at the same time he began serving his five-year sentence, specifically in 1987. *See also Rodgers v. Wingo,* Ky., 467 S.W.2d 369 (1971)-(A second judgment which provides that the sentence shall run concurrently with a prior sentence accords the convicted defendant the right to have the time served on the first sentence credited against the second sentence.) As such, the one-year sentence expired in 1988[.]

*Id.*

Justice Wintersheimer lamented the majority's conclusion that *Lienhart* had completed his one-year sentence for promoting contraband a year *before* he had received that sentence. He argued that the starting date of the appellant's sentence for promoting contraband should not relate back to the first date of the five-year sentence because "The conviction on promoting contraband in the first degree was *separate and distinct* from any other prior conviction despite the fact that this sentence ran concurrent with the sentence of January 13, 1987." *Id.* at 72 (emphasis added).

Here, the Commonwealth's argument substantially repeats Justice Wintersheimer's dissent in *Lienhart.* We are bound, however, by *Lienhart's* majority opinion to the contrary.

For these reasons, the January 25, 2010 order of the Scott Circuit Court is REVERSED.

ALL CONCUR.